benefit of herself and the five minors before named, which application was passed upon and the homestead allowed and set apart on January 13, 1874; that in the petition for homestead it was not set out clearly out of whose property the homestead was taken, and petitioner desired to amend the same by adding that the homestead was asked for as the head of a family out of the property of her husband, R. S. Holloway, whose children the minors were; and that said homestead had not expired. She prayed that citation issue touching this application, that the executor of R. S. Holloway be notified thereof, and that the amendment be allowed. The question made by this petition, after notice published and written notice to the executor, was appealed to the superior court by consent of the parties, where, at the July term, 1890, after hearing, it was ordered that the amendment prayed for be allowed.

J. A. COTTEN and A. M. SPEER, for plaintiffs.

HALL & HAMMOND and B. L. TISINGER, for defendant.

---

O'CONNOR *et al. v.* DONALDSON.

There being some evidence to support the finding of the judge as to the non-residence of the debtor in the county at the time the attachment was issued, his judgment dissolving the attachment was not contrary to law.          *Judgment affirmed.*

March 20, 1893.  Argued at the last term.

Attachment. Before Judge JENKINS. Baldwin county. At chambers, April 12, 1892.

Creditors of Donaldson brought their petitions to the superior court of Baldwin county, alleging that he was of that county, and that he had made fraudulent sales of and mortgages upon his property consisting of a stock of liquors, etc.; and praying for the issuance of attachments against him. These were issued and levied.

Donaldson filed a traverse in each case, denying that at the time of suing out the attachment he was a resident of said county, and alleging that at said time he was a resident of Dodge county. The issue thus made was, by consent, heard by the judge without a jury, the cases being consolidated. The evidence adduced was directly conflicting. The judge ordered that the traverses be sustained and the attachments removed, on the ground that the superior court of Baldwin county had no jurisdiction of the defendant at the time of the issuance and levy of the attachments.

ROBERTS & POTTLE, for plaintiffs.

R. H. LEWIS and WHITFIELD & ALLEN, for defendant.

---

WHITE v. McKEON, trustee.

| 92 | 343 |
|----|-----|
| 95 | 711 |
| 92 | 343 |
| 98 | 770 |
| 92 | 343 |
| 106 | 666 |
| 92 | 343 |
| 117 | 961 |

1. The provisions of section 2419 of the code, forbidding any person leaving a wife or child from devising more than one third of his estate to any charitable, religious, educational or civil institution, to the exclusion of such wife or child, and declaring that in all cases the will containing such devise shall be executed at least ninety days before the death of the testator, or such devise shall be void, were not in force in this State before the adoption of the code of 1863.

2. Where by one item of a will certain realty was devised in trust to the wife of the testator for life, with power to dispose of the same by her last will and testament, and by another item of the will all the *residuum* of the testator's estate (which would include the remainder in the realty devised to the wife, in case she did not dispose of the same by will) was devised to a named trustee to be invested by him for the purpose of erecting a school-house and keeping up a school to be free for all the poor children of a designated city, with power to appoint his own successor, but the trustee having died without exercising this power, the judge of the superior court was authorized, during the lifetime of the testator's widow, to appoint a trustee to carry out the provisions of the will in the item last mentioned.

3. The remaindermen, "the poor children of the city," being contingent both as to person and event, were not necessary parties, and service upon them of notice of the application for the appoint-